```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF TEXAS
                      DALLAS DIVISION

UNITED STATES OF AMERICA,      §
                               §
                 Plaintiff,    §
                               §   Criminal No. 3:09-CR-249-D
VS.                            §
                               §
BRIAN PATRICK HANEY, et al.,   §
                               §
                 Defendants.   §
```

## MEMORANDUM OPINION AND ORDER

The government moves the court to declare this case complex and continue the trial date. Three of the five defendants who have made appearances—Nathan Todd Shafer, Matthew Norman Simpson, and Alicia Cargill Smallwood—have filed opposition responses. The government has filed a supplemental certificate of conference that indicates a fourth defendant—Brian Patrick Haney—is also opposed to the motion. According to the government, defendant Eric Byron Littlejohn is not opposed. For the reasons that follow, the court grants the motion.

I

Nine defendants—four of whom are presently fugitives—have been indicted in this case for the offense of conspiracy to exceed authorized access to a protected computer, in violation of 18 U.S.C. § 1030(b).[1] The grand jury handed up the sealed indictment on September 1, 2009. Four defendants made initial appearances on

---

[1] The indictment also contains a forfeiture allegation in count two.

September 4, 2009.  A fifth made his initial appearance on September 9, 2009.  The case is currently set for trial on November 16, 2009, and pretrial motions are due on October 19, 2009.  The government moves the court to declare this case complex and continue the trial to a date on or after April 20, 2010 and to adjust the pretrial dates accordingly.  As noted, four of the five defendants who have made appearances oppose the motion.

                                II

Pursuant to 18 U.S.C. § 3161(h)(7)(A), the court can grant an "ends of justice" continuance "at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id.*  One of the factors the court may consider in granting an "ends of justice" continuance is "[w]hether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section."  18 U.S.C. § 3161(h)(7)(B)(ii).

The government has established that this case is so complex due to the number of defendants and the nature of the prosecution that it is unreasonable to expect adequate preparation for the

trial itself within the time limits established by the Speedy Trial Act ("the Act"). The court therefore finds that the ends of justice served by taking such action outweigh the best interest of the public and the defendants in a speedy trial.

Nine defendants are charged in the indictment. The five who have appeared are scheduled to be tried. The government anticipates that its case-in-chief will last approximately 15 days.[2] The government accuses the defendants of being part of a conspiracy that lasted six years (from 2003 to 2009) and involved a loss calculated at approximately $12 million as of the date of the indictment. In its present motion, it posits that various conspirators created fraudulent companies that purchased telephone service and bandwith minutes and, through fraudulent acts, exceeded authorized access to the victim companies' computer systems, thereby damaging the companies through additional fraudulent acts and the failure to pay for services, leased equipment, or leased premises. According to the government, the conspirators used stolen telecommunication service and bandwith themselves or sold it to others; they sold their companies without disclosing accumulated debt or the underlying fraud; and they placed some companies in

---

[2]The court cites this estimate to illustrate why this case is complex. No later than the pretrial conference, the court will decide whether to impose time limits on the presentation of the evidence. *See United States v. Colomb*, 419 F.3d 292 (5th Cir. 2005). The time limits may, *inter alia*, restrict the length of the government's case to fewer than the 15 days estimated.

bankruptcy and committed bankruptcy fraud. The government maintains that the current discovery is voluminous, involving computer data—said to exceed 200 terabytes—from more than 300 computers and other devices, and more than 10,000 pages of paper data. And it anticipates that it will acquire additional discovery. The government also foresees seeking a superseding indictment that, *inter alia*, expands the charges and perhaps adds defendants.

The three defendants who have filed opposition responses focus on such factors as the supposed lack of complexity as to them individually, the premise that the case is essentially a simple fraud case that revolves around a single issue of non-payment, the assertion that the case does not involve novel questions of fact or law, and, concerning one defendant, the fact that he is being detained pending trial. But while the theme of the case may be relatively simple, the government has demonstrated that the case meets the statutory definition. This is because, for the reasons it cites in its motion, it is unreasonable to expect adequate preparation for the trial itself within the time limits established by the Act. Complexity is measured in terms of *the case*, not according to an individual defendant. Moreover, defendants' arguments do not adequately address the large number (apprehended and at large) of defendants. And the case need not involve novel questions of fact or law. Novelty is but one of three possible

grounds for finding that a case is complex, and it is a ground on which the court need not (and does not) rely here.

The government has met its burden of demonstrating that this case is so complex due to the number of defendants and the nature of the prosecution that it is unreasonable to expect adequate preparation for the trial itself within the time limits established by the Act. The court therefore finds that the ends of justice served by taking such action outweigh the best interest of the public and the defendants in a speedy trial.

* * *

The government's September 29, 2009 motion to have case declared complex and to continue trial date is granted. The court continues the trial of this case to Monday, May 10, 2010. The pretrial motion deadline is continued to Monday, February 1, 2010.

**SO ORDERED.**

October 19, 2009.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE