```
        IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF TEXAS
                   DALLAS DIVISION

UNITED STATES OF AMERICA,      §
                               §
               Plaintiff,      §
                               § Criminal No. 3:09-CR-249-D(03)
VS.                            §
                               §
BRIAN PATRICK HANEY,           §
                               §
               Defendant.      §
```

MEMORANDUM OPINION
AND ORDER

In this memorandum opinion and order, the court addresses several pretrial motions filed by defendant Brian Patrick Haney ("Haney").[1]

I

*Motion for Pretrial Notice under Rule 404(b)*

Haney moves under Fed. R. Evid. 404(b) for reasonable advance notice of any evidence of other crimes, wrongs, or acts by Haney that the government plans to introduce at trial. In its response, the government agrees to comply with its obligations under Rule 404(b).

The government must provide the notice required by Rule 404(b) no later than the date specified *infra* in § V. To the extent the government has agreed to comply with its obligations under Rule 404(b), Haney's motion is denied as moot; otherwise, the motion is

---

[1]The court has separately addressed other motions filed by Haney. His motion *in limine* will be addressed during or after the pretrial conference.

denied as exceeding what Rule 404(b) requires.

II

*Motion to Produce Exculpatory and Mitigating Evidence*

Haney moves for the government to disclose any exculpatory, mitigating, or favorable evidence. Haney requests that the government disclose 27 categories of evidence. The government opposes the motion to the extent he seeks discovery beyond that to which he is legally entitled. It agrees to comply fully with its discovery obligations under Fed. R. Crim. P. 12(b)(4), 16, and 26.2, the Jencks Act, 18 U.S.C. § 3500, *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, and *Giglio v. United States*, 405 U.S. 150 (1972), and its progeny, and all orders of the court. To the extent that Haney's requests are overbroad, vague, ambiguous, or place a greater burden on the government than the law provides, the government objects.

A

*Haney's Requests for Disclosure Nos. 11, 12, and 13*

In request No. 11,[2] Haney asks that the government disclose evidence showing bias, narcotic habit, psychiatric treatment, lack of competence or impartiality, or criminal record of any government witness. In request No. 12, Haney asks that the government disclose the existence and results of any lie detector-type test

---

[2]The court will address Haney's specific requests in the order in which the government responded to them.

given to a government witness. In request No. 13, Haney asks that the government disclose any promises, rewards, or inducements or threats of criminal prosecution made to any government witness.

The government agrees to comply with its obligations under Rules 12(b)(4), 16, and 26.2, the Rules pertaining to witnesses who testify, and the Jencks Act. To the extent the government has agreed to the production Haney seeks, the court denies these components of the motion as moot. To the extent Haney requests discovery of more than the government is required to disclose under Rules 12(b)(4), 16, and 26.2, *Brady*, *Giglio*, and/or the Jencks Act, these components of the motion are denied as exceeding what these authorities require.

B

*Haney's Requests for Disclosure Nos. 18, 24, 25, and 26*

In request No. 18, Haney asks that the government disclose any evidence that tends to show that Haney did not commit the acts alleged in the indictment. In request No. 24, Haney asks that the government disclose any evidence that Haney did not make or cause to be made false representations and promises that are the subject of the indictment. In request No. 25, Haney asks that the government disclose any evidence that Haney did not know that the alleged pretenses, representations, and promises were false. In request No. 26, Haney asks that the government disclose exculpatory evidence.

The government responds that it recognizes its obligations under *Brady* and *Giglio* as raised in these requests and it objects where the requests exceed the government's obligations. The government also responds that these requests are overbroad or request material covered by the Jencks Act, which the government will provide at the appropriate time. The government further responds that request No. 11 is vague and ambiguous.

To the extent the government has agreed to the production Haney seeks, the court denies these components of the motion as moot. To the extent Haney requests discovery of more than the government is required to disclose under Rules 12(b)(4), 16, and 26.2, *Brady*, *Giglio*, and/or the Jencks Act, these components of the motion are denied as exceeding what these authorities require.

C

*Haney's Requests for Disclosure Nos. 3, 8, and 14*

In request No. 3, Haney asks that the government disclose any evidence suggesting his employment compensation was reasonably consistent with salaries for his position in a city like Dallas. In request No. 8, Haney asks that the government disclose any court rulings, findings, orders, decrees, or judgments from litigation between parties named in the indictment of which the government is aware. In request No. 14, Haney asks that the government disclose presentence investigation reports relating to any witness the government intends to call at trial.

The government responds that these requests relate to materials already available to Haney or materials that can be obtained elsewhere.

To the extent the government has agreed to the production Haney seeks, the court denies these components of the motion as moot. To the extent Haney requests discovery of more than the government is required to disclose under Rules 12(b)(4), 16, and 26.2, *Brady*, *Giglio*, and/or the Jencks Act, these components of the motion are denied as exceeding what these authorities require.

D

*Haney's Requests for Disclosure*
*Nos. 1-2, 6-7, 9, 16-17, 20, and 23*

In request No. 1, Haney asks that the government disclose evidence that Haney was made unaware of or did not know of any fraudulent scheme. In request No. 2, Haney asks that the government disclose evidence that the allegedly fraudulent businesses listed in the indictment were engaged in lawful business practices. In request No. 6, Haney asks that the government disclose any information or statement of a person interviewed by the government or private fraud investigator[3] that suggest Haney

---

[3]Although "*Brady* obligations extend to all persons 'acting on the government's behalf,'" *United States v. Stewart*, 433 F.3d 273, 298 (2d Cir. 2006) (quoting *Kyles v. Whitley*, 514 U.S. 419, 437 (1995)), Haney has cited no authority that holds that knowledge of facts by a private company is imputed to the government for *Brady* purposes where "there is no claim that the government was willfully blind to exculpatory evidence that it should well have known was available." *United States v. Josleyn*, 206 F.3d 144, 153 n.8 (1st

was unaware of any unlawful conduct by a codefendant. In request No. 7, Haney asks that the government disclose statements made or adopted by a person within the control of the government that exculpate Haney or do not mention Haney when a reasonable person would expect it to mention Haney. In request No. 9, Haney asks that the government disclose any communications suggesting that a codefendant directed another person not to tell Haney of the illegal plan. In request No. 16, Haney asks that the government disclose any differences between information provided to the government by a cooperating witness and information provided in a proffer made by the witness's attorney. In request No. 17, Haney asks that the government disclose statements made or adopted by government witnesses and notes made by government witnesses within the control of the government. In request No. 20, Haney asks that the government disclose any evidence that Haney did not realize the criminal purpose of any codefendant. In request No. 23, Haney asks that the government disclose any statement of a government witness that is inconsistent with another statement of that witness, any statement of other government witnesses, physical, or electronic

---

Cir. 2000).
   In fact, "[w]hile prosecutors may be held accountable for information known to police investigators, we are loath to extend the analogy from police investigators to cooperating private parties who have their own set of interests." *Id.* at 154 (citation omitted). Therefore, the court holds that the government is only imputed with the knowledge that the government actually had and is not otherwise imputed with the knowledge of private companies or their fraud investigators for *Brady* purposes. *Id.*

evidence, or the government's theory of the case.

The government responds that these requests are overbroad or include material covered by the Jencks Act. The government also responds that requests Nos. 9 and 20 are vague and ambiguous.

To the extent the government has agreed to the production Haney seeks, the court denies these components of the motion as moot. To the extent Haney requests discovery of more than the government is required to disclose under Rules 12(b)(4), 16, and 26.2, *Brady*, *Giglio*, and/or the Jencks Act, these components of the motion are denied as exceeding what these authorities require.

E

*Haney's Requests for Disclosure*
*Nos. 4, 5, 10, 15, 19, 21, and 22*

In request No. 4, Haney asks that the government disclose evidence any employee, associate, or representative of AT&T or Verizon made a statement to a representative of the government concerning cooperation with the government in surveillance. In request No. 5, Haney asks that the government disclose evidence that any representative of the companies named in the indictment made any communication with the government suggesting that the government was obliged to assist the company because of a business relationship. In request No. 10, Haney asks that the government disclose evidence that Haney was lead to believe the financial documents he produced were based on truthful numbers. In request No. 15, Haney asks that the government disclose any information

that detracts from the credibility of testimony or evidence that the government will present at trial or sentencing. In request No. 19, Haney asks that the government disclose any evidence that Haney committed the acts alleged in the indictment in a manner other than that alleged. In request No. 21, Haney asks that the government disclose evidence that Haney thought his conduct was lawful. In request No. 22, Haney asks that the government disclose evidence that conflicts with the evidence the government intends to introduce at trial.

The government responds that these requests are overbroad, vague, and ambiguous.

To the extent the government has agreed to the production Haney seeks, the court denies these components of the motion as moot. To the extent Haney requests discovery of more than the government is required to disclose under Rules 12(b)(4), 16, and 26.2, *Brady*, *Giglio*, and/or the Jencks Act, these components of the motion are denied as exceeding what these authorities require.

F

*Haney's Request for Disclosure No. 27*

In request No. 27, Haney asks that the government disclose instructions to a government witness not to speak with any defense counsel or to do so only with a government attorney present. The government responds that it has not instructed a government witness not to speak to defense counsel.

Given the government's response, and to the extent the government has agreed to the production Haney seeks, the court denies the motion as moot. To the extent Haney requests discovery of more than the government is required to disclose under Rules 12(b)(4), 16, and 26.2, *Brady*, *Giglio*, and/or the Jencks Act, these components of the motion are denied as exceeding what these authorities require.

III

*Motion for Pretrial Hearing*

Haney moves for a pretrial hearing to determine the admissibility of coconspirator statements, or, in the alternative, to compel pretrial government proffer. He requests that the court conduct a pretrial *James* hearing[4] to determine the admissibility of any coconspirator statements that the government intends to introduce under Rule 801(d)(2)(E). He argues that a pretrial *James* hearing is necessary for the court to determine whether a declarant is a coconspirator with Haney and whether the statement was made in furtherance of the conspiracy. The government opposes the motion, maintaining that a *James* hearing is neither required nor practical in this case; the government has agreed to comply with its obligations under the Jencks Act, and the court's scheduling order; coconspirator statements are not discoverable under Rule

---

[4]*United States v. James*, 590 F.2d 575 (5th Cir. 1979) (en banc).

16(a)(1)(A); and a hearing would unnecessarily prolong the trial proceedings and would essentially result in two trials.

In *James* the Fifth Circuit held that coconspirator statements are admissible as non-hearsay under Rule 801(d)(2)(E) only if substantial independent evidence of a conspiracy exists. *United States v. James*, 590 F.2d 575, 581 (5th Cir. 1979) (en banc). "A *James* hearing, conducted outside the presence of the jury, is *one potential method* by which the district court may ensure [that] the Government can satisfy the predicate facts needed to prove the conspiracy independent of the statements." *United States v. Williams*, 264 F.3d 561, 576 (5th Cir. 2001) (emphasis added). But deciding "[w]hether a *James* hearing is necessary in a particular case [is] within the discretion of the trial court." *Id.* "*James* has *never required* a hearing outside the presence of the jury." *United States v. Fragoso*, 978 F.2d 896, 899 (5th Cir. 1992) (emphasis added). And in this case, the court agrees with the government that convening such a hearing would be burdensome and effectively result in a mini-trial of potentially considerable length. To satisfy Haney's request, the government would be required to prove at the hearing the existence of a conspiracy and of Haney's participation in it at the time the statement was allegedly made. Presumably, Haney would insist that the government make this showing through the witnesses whom the government intends to call to testify at trial. The government is not obligated in a

conspiracy case involving Rule 801(d)(2)(E) evidence to participate in a form of elaborate pretrial discovery conducted under the guise of requiring that it satisfy the predicate facts needed to prove the admissibility of coconspirator statements. Accordingly, the court denies the motion.[5]

The court recognizes that, during the trial, it must "whenever reasonably practicable, require the showing of a conspiracy and of the connection of the defendant with it [pursuant to Rule 801(d)(2)(E)] before admitting declarations of a coconspirator." *Fragoso*, 978 F.2d at 900. In complying with Rule 801(d)(2)(E), the court must determine whether there is sufficient "'evidence that there was a conspiracy involving the declarant and the nonoffering party, and that the statement was made during the course and in furtherance of the conspiracy.'" *Id.* (quoting *Bourjaily v. United*

---

[5]Haney suggests in the alternative that the court order the government to turn over statements of coconspirators that it intends to use at trial under Rule 801(d)(2)(E). The government responds that pretrial disclosure is unnecessary if the court denies the motion for a *James* hearing and that Haney fails to cite any supporting authority for his request. "[S]everal courts have held that the fact that a coconspirator's statements are viewed as statements by the defendant under [Rule 801(d)(2)(E)] does not make them discoverable under Rule 16(a)(1)(A) or (B)." *United States v. Hansen*, 2005 WL 1206868, at *3 (N.D. Tex. May 18, 2005) (Fitzwater, J.) (citing *United States v. Tarantino*, 846 F.2d 1384, 1418 (D.C. Cir. 1988)). "The admissibility of such statements can be determined at trial and the statements may be considered in light of any other independent evidence." *Id.* (citing *Bourjaily v. United States*, 483 U.S. 171, 180 (1987)). The court holds that Haney is not entitled to production of coconspirator statements under Rule 16, and it denies his motion in this respect.

*States*, 483 U.S. 171, 175 (1987)). The court will adhere to these requirements in trying this case.

IV

*Amended Motion for Discovery and Inspection of Evidence*

Haney moves for discovery and inspection of evidence pursuant to Rule 16, Rule 404(b), and the Due Process Clauses of the Fifth and Fourteenth Amendments. The government opposes Haney's motion because it was filed four days after the pretrial motion deadline. In its discretion, the court will consider Haney's motion.

A

*Rule 16 Requests*

In requests Nos. 1, 2, 4, 5, 6, 7, and 8, Haney asks that the government produce, *inter alia*, information and evidence that the government is required to disclose under Rule 16. In response, the government states that it will comply with Rule 16. Accordingly, to the extent the government has agreed to Haney's request, the motion is denied as moot. To the extent Haney requests discovery of more than the government is required to disclose under Rules 12(b)(4), 16, and 26.2, *Brady*, *Giglio*, and/or the Jencks Act, the motion is denied as exceeding what these authorities require.

B

*Statements of Coconspirators*

In request No. 3, Haney asks that the government produce all statements of codefendants or coconspirators. Haney is not

entitled to the production of coconspirator statements under Rule 16. *See supra* note 5. Accordingly, unless production of a statement is required under *Brady*, *Giglio*, the Jencks Act, and/or Rule 26.2, the request is denied.

C

*Evidence or Documents Made by Haney*

In request No. 9, Haney asks that the government produce all physical or electronic evidence or documents purportedly made or owned by Haney. To the extent that the government is required to produce such evidence or documents under Rule 16, Haney's request is granted. The government must also comply with its obligations under *Brady* and *Giglio*. To the extent Haney requests discovery of more than the government is required to produce under Rules 12(b)(4), 16, and 26.2, *Brady*, *Giglio*, and/or the Jencks Act, Haney's request is denied as exceeding what these authorities require.

D

Haney asks that the court order the government to produce the requested information in a form that Haney's defense counsel can read, view, and search on a personal computer. Haney notes that the majority of evidence in this case is electronic and encrypted and that the court has appointed a coordinating discovery attorney.

The court denies this request. As Haney recognizes, the court has appointed a coordinating discovery attorney, and it has

approved the expenditure of funds to enable experts working on behalf of defense counsel to convert discovery to a form that will allow counsel to use it in preparing for and trying the case. Haney therefore has or will soon have access to electronic discovery in an unencrypted form.

V

Except to the extent that the Jencks Act and Rule 26.2(a) permit later disclosure, the government must comply no later than April 25, 2011 at noon with its disclosure and discovery obligations imposed by this memorandum opinion and order and by the government's agreement to produce what Haney has requested. Concerning material covered by the Jencks Act or Rule 26.2, in accordance with the custom in this district, the government must disclose such statements no later than the end of the business day that precedes the date on which Haney will begin his cross-examination of a witness.

**SO ORDERED.**

March 21, 2011.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE